**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**ERCIL K. GATES**                                                                                          **PLAINTIFF**
**#8864-08**

**VS.**                             **CASE NO.: 4:08CV03590 SWW/BD**

**DOC HOLLADAY, et al.**                                                                       **DEFENDANTS**

<u>**RECOMMENDED DISPOSITION**</u>

**I**.    <u>**Procedure for Filing Objections:**</u>

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If an objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A-149
> Little Rock, AR 72201-3325

**II.     Introduction:**

Plaintiff, who is currently incarcerated at the Pulaski County Detention Facility ("PCDF"), filed a *pro se* Complaint (docket entry #2) under 42 U.S.C. §1983, along with an Application for Leave to Proceed *In Forma Pauperis* (#1). For the following reasons, the Court recommends that Plaintiff's Complaint (#2) be DISMISSED without prejudice, and his Application for Leave to Proceed *In Forma Pauperis* (#1) be DENIED as moot.

**III.    Discussion:**

Plaintiff has filed a voluminous and confusing Complaint (#2) and Addendum (#3) alleging that his constitutional rights were violated during the course of his detention at the PCDF. The Complaint is one hundred twenty mostly single-spaced and handwritten pages and contains twenty-four factually and legally distinct claims. A number of pages appear to be grievances filed as exhibits to the Complaint.[1] The Addendum presents additional factually and legally distinct claims and references "a whole lot of Grievances" that Plaintiff intends to file (#3).

---

[1] It is no longer necessary for prisoners to attach proof of complete exhaustion to their complaints, because exhaustion is an affirmative defense that must be pled and proved by the defendants. *See Jones v. Bock*, 127 S.Ct. 910, 921 (2007); *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005). Additionally, when screening a Complaint under 28 U.S.C. § 1915A, the Court must accept all of Plaintiff's allegations to be true. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). Thus, there is no need for Plaintiff to attach exhibits to his Complaint. Instead, Plaintiff should provide exhibits <u>only</u> when necessary to support appropriate motions or responses thereto. Accordingly, the Court will direct the Clerk to return Plaintiff's exhibits to him without filing them in the record.

The Complaint is in clear violation of Fed. R. Civ. P. 8(a) and (d), which require that a complaint contain a "short and plain statement" showing that the plaintiff is entitled to relief and that the averments be "simple, concise, and direct."  See also *Trobaugh v. Hyatt*, Case No. 04-2243, 2005 WL 775396 (8th Cir. April 7, 2005) (unpublished) (explaining that *pro se* inmates must comply with the pleading requirements set forth in Fed. R. Civ. P. 8(a) and (d)); *Chandler v. Pogue*, Case No. 02-2793, 2003 WL 943750 (8th Cir. March 11, 2003) (unpublished) (holding that a trial court did not abuse its discretion when it dismissed a *pro se* inmate's complaint for failing to comply with Fed. R. Civ. P. 8).

Additionally, Plaintiff cannot defeat the filing fee requirements set forth in the Prison Litigation Reform Act, 28 U.S.C. § 1915, by joining in one lawsuit a multitude of unrelated and legally distinct claims.  Given the nature of Plaintiff's pleadings, the Court cannot complete the screening process mandated by 28 U.S.C. § 1915A; nor would it be possible for the parties to complete discovery, file appropriate motions, or present this case in a coherent manner.

Accordingly, the Court recommends that this case be dismissed, without prejudice, so that Plaintiff may bring his various claims in separate actions.  If he wishes to pursue his claims, Plaintiff must refile a separate complaint (and accompanying *In Forma*

*Pauperis* Application) for each factually and legally related claim. Complaints must comply with Fed. R. Civ. P. 8.[2]

### IV. Conclusion:

The Court recommends that Plaintiff's Complaint (#2) be DISMISSED without prejudice, and that his motion for leave to proceed *in forma pauperis* (#1) be DENIED as moot.

DATED this 14th day of October, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] For instance, Plaintiff might file separate complaints for: (1) conditions of confinement claims; (2) First Amendment access to courts claims; (3) denial of Due Process and Equal Protection; and (4) failure to protect.